NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DUKESHANE TORRES PALK,

Petitioner - Appellant,

v.

C. M. HARRISON, Warden,

Respondent - Appellee.

No. 09-55977

D.C. No. 2:04-cv-08571-MMM-CT

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Margaret M. Morrow, District Judge, Presiding

Argued and Submitted December 10, 2010
Pasadena, California

Before: TROTT, WARDLAW, and IKUTA, Circuit Judges.

Dukeshane Palk appeals the district court's denial of his petition for a writ of

habeas corpus. Palk is currently incarcerated for crimes of domestic violence

against his ex-girlfriend, K.A. Palk argues that the state court of appeal made

errors of fact and law in concluding that the trial court did not abuse its discretion

* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

by withholding K.A.'s past medical records. Palk argues also that the trial court erred by failing to define a "dating relationship" for the jury, necessary for a domestic violence sentencing enhancement. The California State Court of Appeal considered Palk's claims regarding K.A.'s medical records but not the jury instructions. We affirm.

We review de novo the district court's decision to grant or deny a 28 U.S.C. § 2254 habeas petition. Leavitt v. Arave, 383 F.3d 809, 815 (9th Cir. 2004). We review findings of fact made by the district court for clear error. See Riley v. Payne, 352 F.3d 1313, 1317 (9th Cir. 2003). Under the Antiterrorism and Effective Death Penalty Act, a habeas petitioner whose claim was adjudicated on the merits in state court is not entitled to relief in federal court unless it is demonstrated that the state court's adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

Before trial, Palk's counsel requested that the court review K.A.'s medical records for documents related to four specific areas. The state court of appeal reviewed the documents and transcripts and found that the trial court did not

improperly withhold requested impeachment documents. ER 494. The district court identified a few documents that arguably fell under the purview of Palk's requested disclosure, but concluded that the state court of appeal's determination was not unreasonable. ER 51. This factual finding by the district court was not clearly erroneous, and Palk does not dispute the state court of appeal's finding that K.A.'s medical records contained no documents relevant to the four specifically requested areas.

Instead, Palk attempts to maneuver around the dearth of documents in the specific areas he requested by arguing that the state court of appeal's conclusion that the trial court did not abuse its discretion by withholding K.A.'s past medical records violated clearly established federal law in two ways: (1) he was unable to present a complete defense, and (2) he was unable to impeach K.A., in violation of the Confrontation Clause. Neither argument is availing.

Palk was able to present a complete defense. K.A.'s past medical records would have contributed minimal, if any, probative value to Palk's criminal proceedings, and Palk had sufficient information to present his "new" theory at trial: that K.A. was beaten by another ex-boyfriend and she inculpated Palk as a cover. The exclusion of evidence of third-party culpability, absent substantial evidence tending to directly connect that person with the actual commission of the

offense, or tangential evidence of something that may have happened at a different time and place, does not constitute a due process violation. Walters v. McCormick, 122 F.3d 1172, 1177 (9th Cir. 1997).

The withholding of K.A.'s medical records did not violate the Confrontation Clause. Palk overstates the evidence contained in K.A.'s past medical records; nothing in them shows a bias on the part of K.A., and Palk was not prohibited from engaging in appropriate cross-examination.

The trial court's error in failing to define "domestic violence" for the jury was harmless. Brecht v. Abrahamson, 507 U.S. 619, 637 (1993). K.A. testified that she and Palk dated for almost a year. ER 109-10. K.A.'s grandmother testified that K.A. and Palk were dating. ER 189-90. K.A. told a responding police officer that Palk was her boyfriend. ER 206. During opening statements, Palk's counsel described one of the incidents between K.A. and Palk as being precipitated by Palk's telling K.A. that he "[did not] want to be with her anymore." ER 106. Palk did not contest that he had been dating or engaged in a dating relationship with K.A. at any point during trial.

**AFFIRMED.**

*Palk v. Harrison*, 09-55977

IKUTA, Circuit Judge, concurring:

I concur in the result. Because Palk's claims fail under de novo review, they necessarily fail under AEDPA's more deferential standard. *See Berghuis v. Thompkins*, 130 S. Ct. 2250, 2264 (2010).